UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

        Petitioner,        Case No. 1:15-cv-1019

v.        Honorable Robert J. Jonker

DeWAYNE BURTON,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner currently is incarcerated in the Richard A. Handlon Correctional Facility. Petitioner is serving a sentence of three to fifteen years imposed by the Chippewa County Circuit Court following Petitioner's plea of *nolo contendere* to aggravated domestic violence, second offense, MICH. COMP. LAWS § 750.81a(3). The instant petition concerns the revocation of Petitioner's parole.

On March 19, 2015, Petitioner was paroled to the Detroit Re-entry Center (DRC) for participation in the Violence Prevention Program (VPP). According to Petitioner, it typically took three to four months for a parolee to get placed into the VPP after arrival at the DRC, three to four months to complete the VPP and then another month after completion of the VPP to be released from the DRC. Petitioner alleges that his parole officer, Quintin Rogers, asked him to sign an agreement that if he received a misconduct at the DRC, he would be removed from the waiting list for the VPP. When Petitioner refused to sign, Rogers allegedly threatened him with revocation of his parole. Petitioner filed grievances and complaint and against Rogers, which resulted in further threats by Rogers to revoke Plaintiff's parole.

Petitioner's roommate, Mike Mileski, got into a fight with gang members on May 24, 2015. Petitioner claims that he was "indirectly brought into the altercation." (Compl., ECF No. 1, PageID.4.) While Petitioner denies having any direct involvement in the incident, he was charged with assaulting Mileski based upon the statement of a confidential informant. Petitioner alleges that despite a lack of evidence supporting the charge, he was found guilty of the offense and placed in segregation. Security Classification Committee Member Anitra Harris notified Petitioner on June 3,

2015, that revocation proceedings had been initiated as a result of the misconduct conviction. The following day, Rogers informed Petitioner that he was bringing parole violation charges for failure to complete the VPP. Plaintiff disputed the charges because he never had started the VPP. Rogers allegedly responded, I know that, remember what I told you that I would knock you out of VPP." (Compl., ECF No. 1, Page ID#5.)

On June 5, Mr. Rogers informed Petitioner that a preliminary revocation hearing would be held on June 8. Petitioner did not receive a written notice of hearing and Rogers ignored Petitioner's requests for an attorney, witnesses, discovery and an adjournment. Ms. Harris and Mr. Rogers conducted the preliminary hearing on June 8. Harris summarily denied Petitioner's written motions for counsel, discovery and adjournment. Petitioner contends that he was denied a fair and meaningful preliminary hearing. The following day, Petitioner received a preliminary hearing report, which contained false statements and did not mention the motions and other documents provided by Petitioner at the hearing.

On June 18, 2015, Petitioner was returned to the Michigan Department of Corrections Reception and Guidance Center. Petitioner met with Cynthia VanLake, a parole violation specialist, who wanted Petitioner to admit to the parole violation charge with her verbal assurance that he would be paroled in 6 month. Petitioner allegedly refused her offer and signed a form asking for appointment of an attorney and a hearing. Petitioner contends that on July 15, 2015, the parole board revoked his parole and gave him a 12-month continuance. According to Petitioner, the parole board falsely stated that he pleaded guilty. Consequently, Petitioner asserts that he was denied a hearing in violation of his due process rights.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

The exhaustion requirement applies to claims challenging the revocation of parole. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action challenging the revocation of his parole); *Brewer v. Dahlberg*, 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Moreover, when it is uncertain whether the Michigan courts will consider the petitioner's habeas claims on the merits, this Court will presume

that such state relief is available to the petitioner. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991). The state courts should have a full and fair opportunity to cure any constitutional infirmities in petitioner's conviction. *See Brewer*, 942 F.2d at 340. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

Parole revocations are subject to direct review under Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.304(1). *See Penn v. Dep't of Corr.*, 100 Mich. App. 532, 298 N.W.2d 756, 757–58 (Mich. Ct. App. 1980) (noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that triggers application of the Administrative Procedures Act); *Witzke v. Withrow*, 702 F. Supp. 1338, 1348-49 (W.D. Mich. 1988). Under the Administrative Procedures Act, a prisoner may file a petition in circuit court to appeal a final decision of the parole board within sixty days after the date of mailing notice of the agency's final decision. *See* MICH. COMP. LAWS § 24.304(1). Petitioner does not allege that he sought review under the APA within sixty days of the parole board's decision. Because time for seeking review has now expired, the APA no longer is available to Petitioner.

A prisoner also may attack the decision to revoke his parole by filing a state petition for habeas corpus relief. *See Morales v. Mich. Parole Bd.*, 676 N.W.2d 221, 230 (Mich. Ct. App. 2003); *Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629–30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus remedy to challenge the revocation of his parole). A prisoner may, at any time, file a state writ of habeas corpus to challenge the revocation

of his parole as long as the prisoner will be in custody at the time the judgment becomes effective. *See Triplett*, 371 N.W.2d at 865. Petitioner contends that the he filed two "Habeas Corpus and Mandamus Complaints" in the Jackson County Circuit Court. According to Petitioner, the habeas petitions were denied on August 19, 2015 and September 11, 2015, respectively. Petitioner does not allege or show that he sought further habeas review in the Michigan Court of Appeals and the Michigan Supreme Court. Because Petitioner has an available procedure to raise his claims in the state appellate courts, he fails to satisfy the exhaustion requirement. 28 U.S.C. § 2254(c).[1]

### III. Motion to compel

Petitioner moves the Court to compel the Michigan Department of Corrections to make copies of the habeas petition (ECF No. 3). Because the petition is being dismissed and no further copies are required by the Court, Petitioner's motion will be denied.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

---

[1] Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to claims concerning conditions of confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Therefore, to the extent Petitioner asserts a retaliation claim or raises other claims concerning the conditions of his confinement, such claims are not properly brought in this habeas corpus action. However, such claims may be raised in a civil rights action brought under 42 U.S.C. § 1983.

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

   A Judgment consistent with this Opinion will be entered.


Dated: December 28, 2015    /s/ Robert J. Jonker
                ROBERT J. JONKER
                CHIEF UNITED STATES DISTRICT JUDGE